# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| EILEEN G. FAIR,<br><br>      Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>      Defendant. | No. C04-3077-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND OBJECTIONS TO REPORT AND RECOMMENDATION** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *A. Standards of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *B. Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*III. CONCLUSION AND DECISION* . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the decision by an administrative law judge ("ALJ") that plaintiff, Eileen G. Fair ("Fair") is not entitled to Title II disability insurance ("DI") benefits. Fair sought such benefits on the basis of fibromyalgia; back, neck, leg, foot and other pain complaints; and severe clinical depression. The ALJ's denial of benefits was affirmed at each subsequent stage of the administrative procedings, and became the decision of the Commissioner of Social Security, prompting Fair to file the present action. However, United States Magistrate Judge Paul A. Zoss recommended a reversal of the Commissioner's denial of benefits and found the date of disability to be November 27, 2000. *Fair v. Barnhart*, C04-3077-MWB, 2005 WL 3047951, *1 (N.D. Iowa, Nov. 9, 2005). The matter is now before the court on the Commissioner's objections to the recommendation of Judge Zoss.

## *I. INTRODUCTION*
### *A. Factual Background*

Fair was originally diagnosed with fibromyalgia (chronic pain syndrome) in 1996. (R. 40, 62, 174-79). Fair was subsequently and consistently diagnosed with and treated for fibromyalgia by a minimum of seven physicians. (R. 40, 62, 203, 291, 244, 262, 268, 320, 4331, 345, 352). Various treatments and therapy have been attempted by the succession of health care providers since the initial onset in 1996. These therapies include physical therapy, water exercises, and paraffin baths. (R. 284, 245 ).

The only treatments that have proved effective are numerous trigger point injections of pain killing drugs. Fair submits to as many as eight injections in a single visit to a physician, in order to be pain free for even a short time. Fair has been enduring this pain treatment since 1998. (R. 43, 51). The record indicates that the pain becomes so unbearable as to require immediate emergency room or physician visits. The record also reveals that relief is unpredictable, as is the required frequency of the injections. (R. 223-27, 232, 241-4, 246, 259-63, 268, 274-7, 279, 284, 347-8, 408, 412, 424, 431).

Fair also suffers clinical depression as a result of fibromyalgia. Fair was initially diagnosed with depression in 1996. (R. 257). On subsequent visits to physicians, Fair's diagnosis of depression has been consistently confirmed. (R. 259-63, 273).

The record shows and the ALJ found that Fair has "severe impairments in combination which include fibromyalgia; status post arthrosporic surgery of the right knee; obesity; depressive disorder NOS and adjustment reaction with depressed mood; chronic pain syndrome; sleep apnea; mild degenerative changes of the cervical spine; May 2003 evidence of mild left AC degenerative joint disease; and history of irritable bowel syndrome. . . ." (R. 16, 28). The record as a whole indicates that Fair's condition has continued to worsen, rather than improve over the years. *See Fair*, C04-3077-MWB, 2005 WL 3047951. Medical opinions reflect that Fair, at best, can hope to maintain her health status. (R. 397). A search of the record reveals no medical statements indicating potential for improvement.

However, the ALJ found none of these impairments, singly or in combination, equaled the Listing requirements. The ALJ found Fair could not return to her past relevant work, but she retained the residual functional capacity to make the vocational adjustment to other unskilled work that exists in significant numbers in the national economy. (R. 16).

Fair's credibility is dispositive in the ALJ's decision. First, by reaching back to

3

1999, the ALJ noted the record indicates Fair worked after her alleged onset date of March 18, 1999, by caring for three children in her home. (R. 17, citing R. 253). The ALJ views this fact as contrary evidence that Fair was disabled during this period of time, as Fair alleges.

Next, the ALJ questioned Fair's credibility because he noted that Fair had not listed bookkeeping or truck driving on her work histories, but medical notes from April 26, 2000, refer to her doing bookkeeping for her family and engaging in truck driving activities.(R. 17,citing R. 287, citing R. 228-29). However, no further evidence such as a commercial drivers license or the physical required to obtain a commercial drivers license was contained in the record to support the truck driving occupation. Nor was proof of income from either alleged occupation offered as evidence. Fair cannot explain why the medical personnel indicated those occupations on the medical record on that visit and denies she was ever employed as a truck driver.

Finally, the ALJ found the record establishes that Fair's depression is manageable with medication, and noted Fair had failed to follow through with recommendations that she receive individual counseling. The ALJ found Fair's "sporadic attendance" and the therapist's failure to refer Fair to a psychiatrist for further treatment "are both indications of the non-disabling and minimal nature of any purported symptoms." (R. 21-22). The DDI psychological consultant who evaluated Fair noted she was experiencing depression common with fibromyalgia and opined Fair would have difficulty performing in the workplace due to the depression. (R. 365.) The ALJ found the opinion of the DDI consulting psychologist in March 2002, to be inconsistent with all of the evidence in the record, and he therefore gave the opinion no weight.

Overall, the ALJ found the record evidence did not support Fair's complaints regarding her levels of pain and her functional limitations, and he therefore did not give her subjective complaints much weight.

In contrast, Judge Zoss finds that the evidence supports the conclusion that Fair's fibromyalgia is progressive, and that substantial evidence in the record supports the onset of eligible disability is November 27, 2000.

## B. *Procedural Background*

In a Report and Recommendation filed November 9, 2005 (docket no. 20), Judge Zoss found that the record did support Fair's credibility, that there was substantial evidence on the record to support a finding that Fair is unable to perform the day-in, day-out activities required to maintain employment, and that she has been disabled since November 27, 2000. In objections filed November 21, 2005 (docket no. 21), the Commissioner objects to the Recommendation and Report issued by Judge Zoss. Specifically, the Commissioner objects to Judge Zoss's finding that the ALJ erred in his consideration of Fair's credibility regarding her subjective levels of pain and the attendant depression. The ALJ's determination of Fair's residual functional capacity turned on his determination that Fair was not credible. In essence, the Commissioner contends that Judge Zoss is re-weighing the evidence, and argues it is the function of the ALJ, not the court, to weigh evidence and determine whether Fair is disabled. The Commissioner also objects to Judge Zoss's finding that Fair's symptoms were disabling as of November 27, 2000.

## II. LEGAL ANALYSIS

### A. *Standards of Review*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)). The Commissioner made a timely objection in this case. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required here. *See* 28 U.S.C. § 636(b)(1).

Because this court must review *de novo* portions of the report and recommendation to which objections have been made, the court must also take note of the standard of review it must apply on judicial review of the ALJ's disability determination. The standard of judicial review for cases involving the denial of social security benefits is based on 42 U.S.C. § 405(g), which provides that " the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." This standard of review was explained by the Eighth Circuit Court of Appeals as follows:

> Our standard of review is narrow. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998).

> "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support a decision." *Id*. If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision.

*See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Eighth Circuit Court of Appeals has explained, "In reviewing administrative decisions, it is the duty of the Court to evaluate all of the evidence in the record, taking into account whatever in the record fairly detracts from the ALJ's decision." *Hutsell v. Massanari*, 259 F.3d 707, 714 (8th Cir. 2001) (quoting *Easter v. Bowen*, 867 F.2d 1128, 1131 (8th Cir. 1989); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001) ("In assessing the substantiality of the evidence, we must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.") (quoting *Black v. Apfel*, 143 F.3d 383, 385 (8th Cir. 1998), with internal quotations and citations omitted). A court's standard of review is narrow and the court must affirm an ALJ's findings if the findings are supported by substantial evidence on the record as a whole. *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). Accordingly, in reviewing the record in this case, the court must determine whether substantial evidence on the record as a whole supports the ALJ's decision that Fair is not disabled.

## *B. Discussion*

This is not a case in which, weighing the evidence, it is possible to draw inconsistent conclusions from the evidence. *Young*, 221 F.3d at 1068. In this case, the court must simply determine whether the quantity and quality of evidence is enough so that a reasonable

mind might find it adequate to support the ALJ's conclusion. *Id*. The court concludes that it is not.

The Commissioner contends that, contrary to Judge Zoss's finding in the Report and Recommendation, the ALJ properly evaluated and discounted the credibility of Fair based on a single notation of a medical provider that Fair was involved in truck driving as an occupation. Judge Zoss found that the issue of the doctor's entries regarding Fair's employment status (truck driving) is attributed to scrivener's errors. Although it is possible Fair rode along with her husband in his trucking business on occasion, there is no evidence Fair ever worked as a truck driver. *Fair*, C04-3077-MWB, 2005 WL 3047951 at * 29. The Commissioner's decision would assert that this inconsistency located in a health professional's record of a doctor visit is so vital and accurate as to discount nearly ten years of medical history. The court simply cannot conclude that a stray, clearly erroneous reference to Fair working as a truck driver constitutes substantial evidence to deny Fair DI benefits, when there are overwhelming medical records to the contrary. *See Hutsell*, 259 F.3d at 714 ("In reviewing administrative decisions, it is the duty of the Court to evaluate all of the evidence in the record, taking into account whatever in the record fairly detracts from the ALJ's decision.").

The Commissioner is correct in that it is well settled law in the Eighth Circuit that credibility findings are, in the first instance, for the ALJ, but a finding that the testimony of a claimant is not credible must be supported by good reasons. *White v Barnhart*, 368 F. Supp. 2d 947, 950 (S.D. Iowa 2005). The court cannot find good reasons.

The court finds Fair's testimony that she can no longer engage in her past relevant work as a child care provider to be credible—indeed, so did the ALJ. (R. 16). Fair said that she is unable to function for any productive period of time with any reliability. Fair is unable to accomplish common household tasks. ( R. 282-83). Fair related that even during

normal non-employment functions, such as watching television or eating dinner with friends, her pain would become unbearable. (R. 252-53). When the unpredictable pain becomes unbearable, Fair must seek out medical relief in the form of painful injections. Fair is continuously on strong prescription pain medication. The record provided no contrary evidence save a comment from one physician that Fair might be exaggerating her pain (R. 320). Thus, the record not only lacks support for that one physician's comment, but lacks support for the ALJ's conclusion that Fair can work.

In this review of the Commissioner's decision, the court is not substituting its own view of the evidence for that of the Commissioner. *Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004). This court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *Raney v. Barnhart*, 396 F.3d 1007, 1009 (8th Cir. 2005). The ALJ's rejection of Fair's lengthy and consistent medical history of significant limitations is without substantial support in the record. In *Forehand v. Barnhart*, 364 F.3d 984, 986 (8th Cir. 2004), the court stated that a treating physician's opinion is generally entitled to substantial weight. In this case, Judge Zoss opined, "The court finds Fair's credibility is bolstered by the fact that she has continued to seek treatment for her condition on an ongoing basis. The court further notes that if Fair's treating physicians thought she was malingering, drug-seeking, or otherwise was not being truthful with them, they would not have continued to prescribe pain medications and administer pain relieving injections on a regular basis." *Fair*, C04-3077-MWB, 2005 WL 3047951 at * 29. Fair's long, consistent medical history supports her claim of disability. As with another recent case;

> The Court has made an exhaustive search of this record for substantial evidence which will support the ALJ's decision. That evidence is not here. This is not a situation in which it is possible to draw inconsistent conclusions from the evidence.

9

> Although Plaintiff may be able to function . . . occasionally . . .[but ] is not able to do it day in and day out in competitive and stressful conditions in which real people work in the real world. *See Forehand*, 364 F.3d at 988, citing, among other cases, *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982)(en banc).

*White v Barnhart*, 368 F. Supp. 2d 947, 950 (S.D. Iowa 2005).

The ALJ's decision is without support of substantial evidence in the record as a whole. When the vocational expert (VE) was asked the effect that Fair's medical condition would have on her ability to work, it was the VE's testimony that competitive work is not possible. (R. 74-5). Since Fair's credibility is restored as to her level of pain and the attendant depression and then factoring the pain levels into the VE's hypothetical, the VE then agreed that Fair could not return to past relevant work, transfer required work skills, or perform the full and/or a wide range of unskilled work. Further, the VE stated there would be no unskilled jobs the individual could perform based on the limitations in the hypothetical. (R. 73-75). The VE's opinion does not support the ALJ's finding.

A comprehensive search of the record did not reveal any substantial evidence to support the ALJ's decision. The record did not provide substantial evidence to support the ALJ's finding that Fair lacked credibility. The record did not provide contrary evidence to Fair's lengthy medical record of her claim of incapacitating pain going back to 1996. Fair may be able to function for brief periods of time in strictly limited circumstances and conditions. (R. 24-26). However, this is not a case of being in some pain or discomfort while engaged in an activity or employment; the evidence indicates a debilitating pain. *See Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996). However, because the progressive effects of fibromyalgia and clinical depression are so severe, Fair is not able to function day in and day out in competitive conditions in which real people perform in the productive

workplace. *See Forehand,* 364 F.3d at 988, citing, among other cases, *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc). The ALJ's decision is without support of substantial evidence in the record as a whole.

Further, this court adopts the finding of Judge Zoss that, while Fair did endure the pain of fibromyalgia and did seek and receive treatment as early as 1996, the symptoms did not progress to a level of severity to the point of disability until November 27, 2000. This is the date the court finds substantial evidence to support eligible disability, because at that point, despite frequent visits to medical providers, Fair could obtain no relief from her disabling conditions. *See Fair*, C04-3077-MWB, 2005 WL 3047951 at *29.

The court may affirm, modify or reverse the Commissioner's decision with or without remand to the Commissioner for rehearing. 42 U.S.C. § 405(g). Since the VE's opinion adds to the substantial evidence of Fair's disability, it also supports this court's decision to award immediate benefits without remand. A remand to take additional evidence, therefore, would only delay the benefits to which Plaintiff is entitled. In such circumstances, the court may reverse and order an award of benefits. *Duncan v. Barnhart*, 368 F.3d 820, 824 (8th Cir. 2004); *Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991) (where the record itself "convincingly establishes disability and further hearings would merely delay receipt of benefits, an immediate order granting benefits without remand is appropriate") (citing *Jefferey v. Secretary of H.H.S.*, 849 F.2d 1129, 1133 (8th Cir. 1988); *Beeler v. Bowen*, 833 F.2d 124, 127-28 (8th Cir. 1987); *accord Thomas v. Apfel*, 22 F. Supp. 2d 996, 999 (S.D. Iowa 1998) (where claimant is unable to do any work in the national economy, remand to take additional evidence would only delay receipt of benefits to which claimant is entitled, warranting reversal with award of benefits).

### *III. CONCLUSION AND DECISION*

It is the holding of this court that the Commissioner's decision is not supported by substantial evidence on the record as a whole. Indeed, the court finds barely scintilla of evidence supporting the ALJ"s decision. On the other hand, there is overwhelming evidence in this record which contradicts the Commissioner's decision. Based upon the foregoing, the court overrules the Commissioner's objections based upon the foregoing and accepts the report and recommendation of Judge Zoss. The final decision of the Commissioner is reversed and the Commissioner is ordered to award Plaintiff DI benefits to which she is entitled from November 27, 2000.

**IT IS SO ORDERED.**

**DATED** this 21st day of February, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA